# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>JEFFREY ALLAN MASCIO,<br><br>Debtor.<br> | Bankruptcy Case No. 25-10631 TBM<br>Chapter 7 |
| INDVR BRANDS, INC.<br>INDVR BRANDS U.S., INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY MASCIO,<br><br>Defendant. | Adv. Pro. No. 25-1156 TBM |

**ORDER DENYING MOTION TO DISQUALIFY DAVID F. OLSKY AND FORTIS LAW PARTNERS, LLC AS COUNSEL FOR INDVR**

### I. Introduction.

A pattern of litigation, which appears to be meritless, is emerging in this Adversary Proceeding. On May 8, 2025, the Plaintiffs, INDVR Brands, Inc. and INDVR Brands U.S., Inc. (together, "INDVR") filed a "Complaint" (Docket No. 1, the "Complaint") commencing this action against Jeffrey Mascio (the "Debtor"). INDVR brings the Complaint pursuant to both 11 U.S.C. §§ 727(a)(2), (3) and (4)(A) and 523(a)(4) and (6). INDVR challenges the Debtor's entitlement to a discharge in his underlying Chapter 7 case (*In re Mascio*, 25-10631 TBM (Bankr. D. Colo.) (the "Main Case")) for allegedly having diverted or concealed property of the estate with intent to hinder, delay or defraud a creditor; having concealed, falsified or failed to preserve records from which his financial condition might be ascertained; and having made a false oath in connection with this case. Additionally, INDVR asserts that its $37,398,774.04 judgment against the Debtor and others should be excepted from any discharge the Debtor might receive in the Main Case.

The Debtor, who appears on his own behalf,[1] in seriatim, filed a "Motion to Dismiss or Strike Adversary Complaint for Lack of Standing, Bad Faith Filings and Material Misrepresentations" (Docket No. 5, the "Motion to Dismiss") followed by a Motion for Sanctions (Docket No. 6, the "Sanctions Motion"). Neither Motion was properly supported or presented. Thus, on August 11, 2025, this Court issued Orders denying both the Motion to Dismiss and the Sanctions Motion (Docket Nos. 14 and 15, the "Orders").

On August 25, 2025, the Debtor filed his "Answer to Complaint and Counterclaim" (Docket No. 20, the "Answer and Counterclaim"). On August 26, 2025, this Court issued its "Order Setting Pretrial Scheduling Conference" (Docket No. 21, the "Order Setting Pretrial") setting an initial Pretrial Conference for October 2, 2025. In response, to the Counterclaim, the Plaintiffs first filed, on September 15, 2025, their Answer to Counterclaim (Docket No. 24). Later, on September 25, 2025, the Plaintiffs responded to the Counterclaim with a Motion to Dismiss (Docket No. 26, the "Motion to Dismiss Counterclaim"). Now, the Debtor raises disqualification of Counsel issues.

## II.     Jurisdiction and Venue.

The Court has subject matter jurisdiction over this Adversary Proceeding (and motions presented within this Adversary Proceeding) concerning the Debtor's entitlement to a discharge and the dischargeability of particular debts pursuant to 28 U.S.C. § 1334. This dispute is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B), (b)(2)(I) and (b)(2)(J), because it seeks a determination as to the dischargeability of a particular debt and a challenge to the Debtor's entitlement to a discharge. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

## III.     The Motion to Disqualify.

Having lost his initial efforts to thwart the prosecution of the Complaint challenging his entitlement to a discharge, eleven days later, on August 22, 2025, the Debtor filed his "Motion to Disqualify David F. Olsky and Fortis Law Partners, LLC as Counsel for INDVR in this Adversary Proceeding" (Docket No. 19, the "Motion to Disqualify"). The Debtor moves to disqualify INDVR's counsel, David F, Olsky ("Mr. Olsky") and Fortis Law Partners, LLC ("Fortis") (together, "Counsel") from representing INDVR in this Adversary Proceeding "and any related appellate matters." Motion to Disqualify at 1. The Debtor alleges that Counsel (1) has a "non-waivable personal-interest conflict under Colo. RPC 1.7(a)(2)" because Counsel acquired an equity interest

---

[1]     The Debtor is represented by counsel in his Main Bankruptcy Case. The Court has previously encouraged the Debtor to obtain counsel to represent him in this Adversary Proceeding. (Docket No. 15). The Court has also advised that Debtor, that if he chooses to represent himself, he may do so but will be held to the same rules of procedure that litigants represented by counsel are held to. (Id.) The Court observes that, unlike other parties who are unrepresented, the Debtor appears to have some familiarity with legal research, or access to someone who does. Both his Motion to Disqualify and Response are presented in a form much like legal briefs filed by attorneys and include citation to more than a half-dozen legal authorities, generally in proper citation form.

2

in INDVR "in the very transactions at issue"; (2) has violated Colo. RPC 1.8(a) governing business transaction with a client; and (3) has violated "the advocate-witness rule, Colo. PRC 3.7," because Counsel or its attorneys "are necessary fact witnesses regarding those transactions and the resulting issuance of shares." *Id*. at 1 -2.

The Debtor alludes to vague facts allegedly surrounding an acquisition of shares in INDVR by Baskerville LLC (Exhibit 1 to Docket 19, at 7-45) and a "Debt Settlement Acknowledgment and Release" (Exhibit 3 to Docket No. 19, at 49-50) which appear to settle a debt for legal fees owed by INDVR to Fortis. The documents attached as Exhibits 1 and 3 to the Motion to Disqualify are dated November 5, 2020 and November 6, 2020.

A.      **The Debtor's Position**.

The Debtor asserts: (1) "Fortis's acquisition of INDVR shares in the transactions is at the center of this dispute;" (2) "the Court should not permit counsel to litigate the propriety of its own transactions with the client in a case where those transactions are among the facts in dispute;" and (3) Counsel are "necessary witnesses who must be barred from trial and depositions [because] [t]he circumstances of Fortis's equity acquisition, documentation, and advice about the private placement/debt settlement are relevant and material, not merely cumulative, and much of that evidence is unobtainable elsewhere. Fortis's testimony will bear on motive, corporate formalities, disclosures, valuation, dilution, and damages." Motion to Disqualify ¶¶ III. A-C. The Debtor also filed his Response to Plaintiffs' Opposition (Docket No. 25, the "Response"). The Debtor's Response makes clear that the Debtor views the central "disputed facts" about which he believes Mr. Olsky will be called to testify about relate to the "2020 debt-for-equity deal; causation for INDVR's collapse." Response at 2.

B.      **INDVR's Oppostion**.

INDVR filed an Opposition to the Motion to Disqualify (Docket No. 23, the "Opposition"). INDVR presents three cogent arguments. The first is two-part: (1) the focus of the Complaint is whether the Debtor has violated Section 727(a) in the filing of or in connection with his Main Case which he filed on February 5, 2025; and whether the $37,398,774.04 Judgment entered by the District Court, Denver County, State of Colorado in *Cannabis Corp. et.al. v. INDVR Brands, Inc. and INDVR Brands U.S.*, *Inc.*, Case No. 21CV30686 (the "Denver District Court Action") against the Debtor and other defendants (the "Judgment") should be excepted from the Debtor's discharge, if any, under Section 523(a). In sum, Counsel asserts that the Debtor's allegations have "no bearing on this proceeding and is not a basis to disqualify [Counsel]." Opposition at 2.

INDVR's second argument is that there is no basis to disqualify Counsel under either Colorado Rule of Professional Conduct ("Colo. RPC") 1.7(a)(2) or 1.8(a) because the Debtor is not and was not a client of Counsel and, as such, the Debtor is without standing to champion Counsel's disqualification. Thirdly, Counsel asserts that the Debtor's argument under Colo. RPC 3.7 is "frivolous." *Id*. at 5. Neither he nor "Mr.

3

Baskerville" will be or can be called as necessary witnesses at any trial for different reasons.  Mr. Olsky attests that he has no personal knowledge of the facts in contest; and Mr. Baskerville is no longer with Fortis.  Attached to INDVR's Opposition are the Declarations of Henry Baskerville, formerly a partner in Fortis ("Mr. Baskerville"), (Docket No. 23-1, the "Baskerville Declaration") and of Mr. Olsky (Docket No. 23-2, the "Olsky Declaration").  Mr. Baskerville testifies that he left Fortis in March 2025 and is currently a partner at the law firm of Fox Rothschild LLP.  Baskerville Declaration ¶¶1-2.  Mr. Olsky testified in the Olsky Declaration that he did not begin representing INDVR until "late 2023, long after the events at issue giving rise to the [Judgment]."  Olsky Declaration ¶ 2.

The Court has considered the Motion to Disqualify, the Opposition, the Response, the record in this case and applicable law.   For the reasons stated below, the Court denies the Motion to Disqualify.

### IV.    Legal Analysis of Disqualification Motions.

#### A.    General Principles.

As an adjunct of the United States District Court for the District of Colorado, this Court applies "the rules of professional conduct, as adopted by the Colorado Supreme Court, as the standard of professional responsibility applicable here." *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F.Supp. 1297, 1301 (D. Colo. 1994) (citing D.C.Colo.LR. 83.6 (now D.C.Colo.LAttyR 2(a)); *Pappas v. Frank Azar & Associates, P.C.*, 2007 WL 4224196 at *5 (D. Colo. Nov. 27, 2007); see also L.B.R. 9010-1(a) ("The Local Rules of Practice of the United States District Court for the District of Colorado, Section V – Attorney Rules will apply in this Court.").

Motions to disqualify are subject to the sound discretion of the trial court.  *World Youth Day*, 866 F. Supp. at 1301; *Fognani v. Young*, 115 P.3d 1268, 1271-72 (Colo. 2005) ("We have repeatedly acknowledged that the disqualification of counsel is a matter largely within the trial's court's discretion.").  Despite that deference to the trial court's discretion, the Colorado Supreme Court cautions that a number of different factors come into play:

> For example, courts have historically been highly cynical of motions to disqualify opposing counsel, noting that such motions are often dilatory or tactical devices.  Accordingly, the moving party has the burden to establish grounds for disqualification.  To that end, the opposing counsel cannot be disqualified on the basis of speculation or conjecture, and disqualification can occur only after facts have been alleged that demonstrate a potential violation of the Rule.

*Fognani*, 115 P.3d at 1272; *Miller v. Deutsche Bank Nat. Trust Co.*, 2013 WL 4776054, at *5 (D. Colo. Sept. 4, 2013) (same, quoting *Fognani*, 115 P.3d at 1272).

4

The District Court in *Miller* adds the caveat that "[a] conflict of interest is traditionally a matter of concern where an attorney's interest conflicts with that of her own client—not that of the opposing party." *Id*. The Colorado Supreme Court recognized that general rule and instructed:

> As a general principle, trial courts do not deal with claimed violations of professional ethics rules raised by non-clients. . . The rationale of this general rule is to prevent the Rules of Professional Conduct from being used as a procedural weapon by opposing parties and thereby subverting the purpose of the rules, which is to protect clients-a concern articulated in the preamble of the Colorado Rules of Professional Conduct.

*Mercantile Adjustment Bureau, L.L.C. v. Flood*, 278 P.3d 348, 353-54 (Colo. 2012) (quoting Colo. RPC pmbl. ¶ 20).

The Colorado Supreme Court has recognized that a narrow exception to that general principle may exist when "a potential ethical violation threatens to prejudice the fairness of the proceedings. . . Hence a non-client may raise a potential ethical violation in the context of litigation in which it arises if the non-client demonstrates that the alleged violation threatens to injure her legally protected rights or that it taints the fairness of the proceedings." *Id*. at 354 (citing *Fognani*, 115 P.3d at 1269).

**B.    The Record**.

The Court is required to make "specific findings and conclusions" when deciding a disqualification motion." *Pappas*, 2007 WL 4224196 at *6 (citing *Fullmer v. Harper*, 517 F.2d 20, 21-22 (10th Cir. 1975)); *see also World Youth Day*, 866 F. Supp. at 1299). However, that does not necessarily require that the Court conduct an evidentiary hearing on all attorney disqualification motions. *Id.* (citing *Religious Technology Center v. F.A.C.T. Net, Inc.*, 945 F. Supp.1470, 1473 (D. Colo. 1996) (finding that an evidentiary hearing is not required in connection with every motion to disqualify based on Colorado Rule of Professional Conduct 3.7).

The record in this case consists of the Complaint, Answer and Counterclaim, Motion to Disqualify, Opposition and Response. In addition to attaching Exhibits 1-3 to his Motion to Disqualify, the Debtor included his Declaration in Support of the Motion to Disqualify (Docket No. 19 at 51-52, the "Debtor's Declaration"). INDVR opposed the Motion to Disqualify by attaching the Baskerville and Olsky Declarations.

The Court finds that in this case it may make sufficiently "specific findings and conclusions" to decide the Motion to Disqualify based upon that record. The Court notes that any findings it makes in connection with the Motion to Disqualify "are restricted to [the] decision on the [Motion to Disqualify] . . . and shall not bind the parties of any other purposes in the course of this litigation." *World Youth Day*, 866 F. Supp. at 1299.

**C.     Counsel's Alleged Equity Interest in INDVR Does not Warrant Disqualification.**

The Debtor points to Colorado Rule of Professional Conduct 1.7 ("Colo. RPC 1.7(a)") as a basis to disqualify Counsel from representing INDVR in "this adversary proceeding, and any related appellate matters."  Motion to Disqualify, at 1.  Colo. RPC provides in pertinent part:

> (a) . . . a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Colo. Rules of Prof. Conduct, Rule1.7(a)(1) and (2).

As noted, the Debtor bears the burden to demonstrate that disqualification is mandated.  Here the Debtor offers no specific factual allegations to support his Motion to Disqualify under Colo. RPC 1.7(a).  Instead, he vaguely alleges that Counsel has a "non-waivable personal-interest conflict under Colo. RPC 1.7(a)(2)" because Counsel acquired an equity interest in INDVR "in the very transactions at issue."  Motion to Disqualify at 1.  But such allegations of facts have no relevance to this Complaint and whether the Debtor has not been forthcoming, concealed or destroyed information, or made a false oath.  The Debtor alleges that the transaction occurred in November 2020, years prior to the filing of this case.  As such, there appears to be no "concurrent conflict of interest," as defined by Colo. RPC 1.7(a)(1) or (2).  In fact, in his Declaration, the Debtor attests that the Exhibits 1-3 attached to the Motion to Disqualify "reflect, among other things, that Fortis Law Partners, LLC acquired 250,000 super voting shares and 250,000 warrants in INDVR through a November 6, 2020 Debtor Settlement Agreement while also serving as counsel to INDVR."  Debtor's Declaration ¶ 3.  Clearly, the "concurrent representation" about which the Debtor complains occurred years ago.

Furthermore, the "facts" alleged by the Debtor do not show a conflict of interest.  Those "facts," instead, show only that Counsel and INDVR may have a common, shared interest in the outcome of this discharge/dischargeability litigation.  The Debtor also requests that Counsel be disqualified from representing INDVR in any appellate proceedings.  However, there are no appellate proceedings before this Court.  Finally, this issue is not properly raised by the Debtor, who is a non-client.  *Mercantile Adjustment Bureau*, 278 P.3d at 353-54.

D.     **The Debtor Offers No Basis to Disqualify Counsel Under Colo. RPC 1.8**.

The Debtor endeavors to disqualify Counsel using Colo. R.P.C. 1.8 governing conflicts of interest between an attorney and current clients. Colo. RPC 1.8 provides in pertinent part:

> (a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to the client unless:
>
> (1) that transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;
> (2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and
> (3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

Colo. Rules of Prof. Conduct, Rule 1.8(a)(1), (2) and (3).

Once again, the Debtor merely recites the magic words of Colo. RPC 1.8(a) without tying them to any real factual allegations to support his contention. The Debtor bears the burden to demonstrate the facts which would support disqualification of counsel. *World Youth Day*, 866 F. Supp. at 1299; *Fognani*, 115 P.3d 1272. He relies on precisely the same documents from years ago to contend that those facts are "at the center of this dispute." The Debtor has not met his burden under Colo. RPC 1.8. Finally, this issue is not properly raised by the Debtor, who is a non-client. *Mercantile Adjustment Bureau*, 278 P.3d at 353-54.

E.     **The "Advocate-Witness" Rule Does Not Support Counsel's Disqualification**.

Lastly, the Debtor relies upon Colo. RPC 3.7 to assert that Counsel should be disqualified from representing INDVR because both Mr. Baskerville and Mr. Olsky are "likely to be necessary witnesses" at trial. According to the Debtor: "This is not a speculative disqualification bid. Plaintiffs' *own* counsel-witness declarations put Fortis's lawyers at the center of disputed facts (the 2020 debt-for-equity deal; causation for INDVR's collapse)." Debtor's Response at 2 (emphasis in original). The Debtor continues to operate under the mistaken assumption that the "2020 debt-for-equity" transaction is at the core of the dispute raised by the Complaint before the Court.

Colo. RPC 3.7, "Lawyer as Witness," provides:

7

> (a) A lawyer shall not act as advocate *at a trial* in which the lawyer *is likely to be a necessary witness* unless:
>
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as an advocate in a trial in which another lawyer or LLP in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Colo. Rules of Prof. Conduct, Rule 3.7(a) and (b) (emphasis added). "The reasons underlying the rule prohibiting a lawyer from maintaining dual roles as advocate and witness in the same matter before the same tribunal include the concerns that '[a] lawyer who intermingles the functions of advocate and witness diminishes his effectiveness in both roles' and that '[t]he client's case is subject to the criticism that it is being presented through the testimony of an obviously interested witness who on that account is subject to impeachment.'" *Good Life Colorado, LLC v. WLCO, LLC*, 565 P.3d 249, 254 (Colo. App. 2025) (quoting *Williams v. Dist. Ct.*, 700 P.2d 549, 553 (Colo. 1985)).

The Tenth Circuit has focused the inquiry under Rule 3.7(a) on two key phrases in the Rule: "[t]he rule prohibits acting as counsel *at trial* when the attorney is likely to be a *necessary* witness." *Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1309 (10th Cir. 2000). As such, timing of such a motion bears on whether an attorney should be disqualified from representing the client. For example, in the *Morganroth* case the defendants/appellants moved to disqualify opposing counsel *in the appellate court* for having "breached ethical rules by remaining in the case as counsel when he has become a witness." *Id.* at 1309. The attorney from the law firm had submitted an affidavit in support of the law firm's appellate brief alleging facts which occurred after the entry of the judgment and were relevant to whether the appeal was moot. On appeal, the Tenth Circuit rejected the defendant/appellants' argument: "These contentions are without merit. . . We feel it obvious that this motion to disqualify is *at best* premature." *Id.* (emphasis in original). The Circuit Court reasoned: "The rule prohibits acting as an attorney *at trial* when the attorney is likely to be a *necessary* witness, unless the testimony relates to an uncontested issue. We are not a trial court, there seems little chance that the subject matter of counsel's affidavit will be the subject of a trial, and defendants have not contested any of the facts recited in the affidavit. This argument thus seems unfounded." *Morganroth*, 213 F.3d at 1309 (emphasis in the original).

Alternatively, a court may be unable to determine whether an attorney will "likely be a *necessary* witness" at trial. *Grider v. City and County of Denver*, 2011 WL 721279,

at *7 (D. Colo. Feb. 23, 2011). ("At bottom, a motion to disqualify an attorney who has personal knowledge about the facts in dispute in one that anticipates the attorney being called as a witness *at trial*. This early in the case—particularly where the pleadings themselves require clarification and refinement—attempting to divine those issues that will actually be contested at a trial that is months or years away likely requires more prognostication that the court can provide."). See also, *Miller v. Deutsche Bank Nat'l Trust Co.*, 2013 WL 4776054 (D. Colo. Sep. 4, 2013) (The bankruptcy court, as trial court, in the early stages of litigation "denied appellants' motion [to disqualify an attorney and her law firm] on the basis that it was too soon to determine whether [the attorney] would be a 'necessary' witness [at trial]" and was not barred from serving as counsel in pretrial matters.)

When faced with a motion to disqualify, the cited authorities instruct the Court to consider several factors. The Court must consider whether the motion seeks to disqualify an attorney from serving in a dual capacity "at trial;" the attorney will be a "necessary witness," meaning the attorney possesses "personal knowledge" about the facts in dispute; and the stage at which the motion is presented and whether the litigation has progressed to such a point that the issues for trial and the facts in dispute make clear that the attorney's testimony will be necessary at trial.

In this case, the Debtor has entirely failed in his burden to demonstrate that Counsel should be disqualified from representing INDVR. Recall that the Complaint seeks to deny the Debtor a discharge under Sections 727(a) (2), (3) and (4)(A) for actions in connection with this case, or alternatively to except the Judgment from any discharge the Debtor might receive pursuant to Sections 523(a)(4) and (6). The facts which the Debtor claims to be "at the center of the dispute" are "the 2020 debt-for-equity deal; causation for INDVR's collapse." Debtor's Response at 2. There is little prospect that such facts have any relevance to the Plaintiffs' Section 727, objection to the Debtor's discharge overall. While they may have some remote bearing on the Section 523 claims, it is too early in this Adversary Proceeding to know.

At best, the Motion to Disqualify is filed prematurely for several reasons: this case is in nascent stages. The Court has yet to convene the F.R. Bankr. P. 7016 and Fed. R. Civ. P. 16 Pretrial Scheduling Conference; the parties may amend their pleadings and the path for trial has yet to be determined. For example, in cases involving challenges to a debtor's discharge under both Section 727 and Section 523, it may be appropriate to bifurcate a trial. In other words, if a plaintiff prevails on a denial of discharge claim, it would be a waste of the parties and judicial resources to try the Section 523 claims. Finally, it is possible that collateral estoppel may be found to apply to the Judgment and there will be no need to relitigate any of the facts relevant to the entry of the Judgment.

The vagueness of the Debtor's assertions about the "2020 debt-for-equity deal; causation for INDVR's collapse" seems entirely irrelevant to the Section 727 claims for relief. The Court can only speculate that that transaction may have some bearing on the Section 523 claims for relief. As the *Grider* court states: "attempting to divine those

9

issues that will actually be contested at trial that is months or years away likely requires more prognostication that the court can provide." *Grider*, 2011 WL 721279, at *7.

Furthermore, the Baskerville and Olsky Declarations call into doubt whether either would fall within the realm of a violation of Rule 3.7.   Mr. Baskerville is no longer with the Fortis Law Firm.  If Mr.Olsky were to examine Mr. Baskerville as a witness, the conflict would not arise.  Also, Mr. Olsky does not appear to have personal knowledge of the events which the Debtor claims to be at the center of the dispute.   Mr. Olsky did not join the firm until well after the 2020 debt-for-equity deal.

### V.     Conclusion and Order.

Courts approach motions to disqualify opposing counsel with skepticism because they may be used as dilatory or tactical devices.  *Fognani*, 115 P.3d at 1272.  As such, the burden to establish the grounds for disqualification rests with the movant, the Debtor in this case.  *Id*.  To meet that burden, the movant must present more than mere speculation or conjecture.  *Id*.  The Debtor has failed to meet that burden.  The Court is left with the impression that the Debtor has filed the Motion to Disqualify as a tactical device.

For the reasons stated above, the Debtor has failed to show any violation by Counsel of the three Colorado Rules of Professional Conduct on which he relies: Colo. RCP 1.7, 1.8 and 3.7.   Accordingly, the Court:

ORDERS that the Motion to Disqualify is DENIED.

DATED: September 29, 2025

BY THE COURT:

Thomas B. McNamara,
United States Bankruptcy Judge